IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,123-01






RODOLFO ALVAREZ MEDRANO, Appellant



v.



THE STATE OF TEXAS





ON MOTIONS PERTAINING TO 


APPLICATION FOR WRIT OF HABEAS CORPUS


HIDALGO COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler and Hervey,
JJ., joined.


 Applicant's original habeas attorney did not timely file a habeas application. Applicant was
appointed new counsel, who was given 270 days to file an application. That deadline has not yet
passed, but new counsel anticipates that he will need more time and seeks an extension of time of
120 days. This Court does not have authority to grant such an extension. New counsel also seeks
to have the filing of the habeas application backdated so as to avoid a federal statute-of-limitations
bar. This Court has no authority to backdate an application in these circumstances.


I. BACKGROUND


 Applicant's original habeas counsel filed a timely motion for a 90-day extension to file an
application for writ of habeas corpus. The trial court did not timely grant the motion. A few days
before what would have been the due date if a 90-day extension had been granted, original habeas
counsel filed a document purporting to be a habeas application. This court, however, deemed the
filed document to be an insufficient pleading. We struck the document and appointed new counsel,
with a due date set for 270 days after the date of our order, resulting in a due date of August 5, 2013. 
New counsel now seeks an extension of time of 120 days. He also wants this Court to "backdate"
his application--considering it timely filed as of November 26, 2009.

II. ANALYSIS


 Section 4 of Article 11.071 provides for the appointment of counsel and the filing of a
habeas application "not later than the 180th day after the date the convicting court appoints counsel
under Section 2 or not later than the 45th day after the date the State's original brief is filed on direct
appeal with the court of criminal appeals, whichever date is later." (1) It is undisputed that a habeas
application was not filed within this time. For good cause shown, Section 4 permits the trial court
to grant one 90-day extension to this time period, so long as the extension is granted before the
original deadline. (2) Had the trial court timely granted such an extension, the document filed by
original habeas counsel would have been timely. But the trial court did not timely grant an
extension, so the filing by original counsel was not timely.

 When an application is not timely filed under Section 4, this Court is empowered to take
remedial steps under Section 4A. (3) One of those remedial steps is to "appoint new counsel to
represent the applicant and establish a new filing date for the application, which may be not more
than 270 days after the date the court appoints new counsel." (4) That is what this Court did in the
present case. It is important to observe that Section 4A does not provide for extensions of time. And
Section 4A makes clear that this Court cannot give new counsel more than 270 days to file an
application. If new counsel fails to file an application by the deadline, this Court can again invoke
remedial measures under Section 4A, which include granting new counsel an extra 180 days or
replacing new counsel with yet another attorney. But the deadline has not yet passed. It is laudable
of new counsel to explain ahead of time that he does not think he can meet the deadline and setting
forth the reasons why that is so. New counsel's diligence in that respect is something for this Court
to consider in determining what remedy to employ if he is unable to meet the deadline, but nothing
in the statute permits us to invoke the remedial measures of Section 4A in anticipation of such a
failure. We must wait until the deadline passes, assuming of course, that new counsel turns out to
be correct in his assessment that he cannot file on time.

 With respect to new counsel's request to backdate the application, I see no authority for doing
so. In Ex parte Castillo, No. WR-70,510-01, we backdated the application when the original habeas
counsel said that she had filed it in the trial court on a certain date (which would have been timely),
but neither the district court nor clerk had evidence of a filing. Although we removed the original
habeas counsel in that case, we gave the applicant the benefit of the doubt and backdated the
application that was later filed by new counsel (which replaced the presumably lost application) to
the time original counsel said she had filed the application. In the present case, however, it is
undisputed that the document filed by original habeas counsel was not timely. Backdating an
application in these circumstances amounts, in my opinion, to creating an unjustified and
unauthorized inaccuracy in the record. Further, I do not think we should interject ourselves into
something that is a matter for the federal courts. I do not think it is our business to try to ensure that
applicant gets into federal court, and I do not agree with the implication that a review of his
application by this Court will be inadequate to protect his constitutional rights.

 I respectfully dissent.

Filed: July 31, 2013

Do not publish 
1. Tex. Code Crim. Proc. art. 11.071, § 4(a).
2. Id., § 4(b).
3. Id., § 4A.
4. Id., § 4A(b)(3) (emphasis added).